***********
At argument before the Full Commission, plaintiff Neil Welch Sr. made an oral motion regarding the integrity of the hearing transcript. Plaintiff's motion has been considered but must be and hereby is DENIED.
 ***********
The undersigned have reviewed the record and the prior Decision and Order filed by Deputy Commissioner Ford. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, or amend the Decision and Order.
 ***********
Based upon all of the competent evidence of record, the undersigned makes the following additional:
 *********** FINDINGS OF FACT
1. All parties are properly before the North Carolina Industrial Commission, and the Industrial Commission has personal jurisdiction of the parties to this action.
2. The defendant North Carolina Department of Motor Vehicles and the defendant North Carolina Department of Justice each is an agency or department of the State, and the defendants hereto are therefore subject to and bound by the North Carolina Tort Claims Act. N.C. Gen. Stat. § 143-291 et seq.
3. The plaintiffs admitted in their testimony and otherwise that the sanctions or penalties that had been imposed by the Department of Motor Vehicles against the plaintiff Neil P. Welsh, Sr. as a result of the undercover investigation of the safety and emissions inspection practices conducted at Welsh's Service on Burlington Road in Greensboro (hereinafter Station # 1) on or about October 2, 1997 had been properly applied and that the license to conduct State vehicle inspections at such station had been properly revoked.
4. Following the suspension of Neil P. Welsh, Sr.'s inspection license at Station # 1 he sold his emissions inspection machine to his son, Neil P. Welsh, Jr., and to his grandson, Justin S. Welsh, to be used by them at Welsh's Auto repair which they owned and operated on Franklin Blvd. also in Greensboro (hereinafter Station # 2). Neil P. Welsh, Sr. was to be paid for the purchase of the equipment from the proceeds of vehicle inspections to be conducted at Station # 2 under separate license. Neil P. Welsh, Sr. claims that when the license to conduct emissions inspections at Station # 2 was later also suspended by the Department of Motor Vehicles, as is hereinafter more fully set forth, his son and grandson were not able to pay him for the purchase of the inspection machine and that he thereby lost the benefit of such bargain.
5. Neil P. Welsh, Sr. was not an owner of Station # 2. His only interest in Station # 2 was as a creditor of Neil P. Welsh, Jr., and Justin S. Welsh pursuant to the sales contract for the inspection equipment. As such, Neil P. Welsh, Sr. has no basis to assert a claim for negligence against the defendants for suspension of the license to conduct vehicle inspections at Station # 2, and he is therefore and otherwise not properly before the Industrial Commission pursuant to the Tort Claims Act.
6. The plaintiffs Neil P. Welsh, Jr., and Justin S. Welsh claim that the license to conduct emissions inspections at Station # 2 owned by them was negligently or otherwise improperly suspended by the Department of Motor Vehicles. These plaintiffs called Inspector William Ballentine of the Department of Motor Vehicles as their only witness in support of their several claims against such defendant. Inspector Ballentine is an enforcement officer, and he is the Department official who suspended the inspection license of Station # 2.
7. Inspector Ballentine testified that a license to conduct state vehicle inspections had been issued to Station # 2 pursuant to an application submitted on behalf of Neil P. Welsh, Jr., and Justin S. Welsh, each of whom were identified in such application as partners or co-owners. This application contained affirmative misrepresentations that neither of these owners had ever been parties to the suspension or revocation of a state vehicle inspection license or own any interest in any other location whose license or privilege to conduct inspections had ever been suspended or revoked. The license to conduct inspections at Station # 2 had thus been improperly obtained by Neil P. Welsh Jr. and Justin S. Welsh.
8. After the license had been issued to Station # 2, it came to the attention of Inspector Ballentine that Neil P. Welsh, Jr. was also listed as co-owner of Station # 1 on the application for an inspection license that previously had been submitted on behalf of that station. As a result of the common ownership interest in both stations by Neil P. Welsh, Jr., Station # 2 was also bound by and subject to any penalties and sanctions that had previously been imposed against Station # 1. At the time such common ownership was discovered by Inspector Ballentine, Station # 1 was subject to an outstanding civil penalty in the amount of $1,400.00 that had been assessed by the Department of Motor Vehicles for inspection stickers which could not be accounted for by Station # 1 when its license had been revoked. Proper notice of such penalty had been given to Station # 1 and thus also by imputation to Station # 2 through their common owner, Neil P. Welsh Jr.
9. Neil P. Welsh, Jr. could not be party to a license at any other location, including Station # 2, until the outstanding penalty against Station # 1 where he was co-owner had been satisfied. As a result of such outstanding penalty against Station # 1, Inspector Ballentine properly turned off the inspection equipment at Station #2 and the license to conduct State vehicle inspections at such station was properly suspended. Inspector Ballentine, and all other employees of the Department of Motor Vehicles, acted reasonably and with all necessary care and consideration in the performance of their duties with respect to such suspension.
10. The plaintiffs offered no other evidence, specifically including no evidence in support of their several claims that employees of the Department of Justice had acted negligently or improperly in any way in its defense of the Department of Motor Vehicles and its officers and employees in the several Superior Court actions previously initiated by the plaintiffs or in the present action before the Industrial Commission.
11. Prior to filing the present action before the Industrial Commission, the plaintiffs had previously initiated an action in the Superior Court of Guilford County, bearing docket number 00 CVS 10200, in which action they asserted nearly verbatim the same claims and allegations against many of the same officials and employees of the defendants as those named herein and regarding which prior civil action the undersigned hereby takes notice. By Order dated December 11, 2000, Judge Catherine C. Eagles, Superior Court Judge presiding, dismissed such prior action upon the defendants' motion and pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.
 ***********
The foregoing findings of fact engender the following:
 CONCLUSIONS OF LAW
1. The claims asserted by the plaintiff Neil P. Welsh Sr. are based solely upon his contractual relationship with Neil P. Welsh Jr. and Justin S. Welsh and his status as their creditor. He has no ownership interest in Station # 2. As a result, the plaintiff Neil P. Welsh Sr. does not have standing to assert a claim against the defendants for the allegedly negligent suspension of the license to conduct vehicle inspections at Station # 2, and he has thereby and otherwise failed to assert a claim sounding in negligence against either of the defendants herein or regarding which the Industrial Commission has subject matter jurisdiction pursuant to the Tort Claims Act.
2. The evidence presented by the plaintiffs Neil P. Welsh Jr. and Justin S. Welsh was insufficient to establish that the defendant Department of Motor Vehicles, by and through any of its employees whether named or unnamed in this action, engaged in any negligent conduct regarding its treatment of any of the plaintiffs or of either Station # 1 or Station # 2 as alleged in this action, specifically including the suspension of the license to conduct State motor vehicle inspections at Station # 2.
3. The evidence presented by the plaintiffs Neil P. Welsh Jr. and Justin S. Welsh was insufficient to establish that the defendant Department of Justice, by and through any of its employees whether named or unnamed in this action, engaged in any negligent conduct regarding any of the plaintiffs, specifically including its defense of the several Superior Court actions previously initiated by these plaintiffs against either or both of these defendants and their officers and employees as well as its defense of such defendants in the present Industrial Commission action.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 ORDER
Under the law, all of the claims for compensation under the North Carolina Tort Claims Act alleged by each and every one of the plaintiffs against each and every one of the defendants in this action must be, and the same are hereby, DENIED. Furthermore, plaintiff Neil Welch, Sr. is assessed $100.00 in attorney's fees to be paid to defendant pursuant to N.C.G.S. 97.88.1. Also, plaintiff Neil Welch, Sr. shall bear the costs of this appeal.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER